**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4502**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSCAR ROBERTO SANTOS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:13-cr-00321-RDB-1)

Submitted: March 29, 2019                                  Decided: April 10, 2019

Before AGEE and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

A.D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt, Maryland, for Appellant. Robert K. Hur, United States Attorney, P. Michael Cunningham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a four-day trial in October 2017, a federal jury convicted Oscar Roberto Santos of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (2012), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2012). The district court subsequently sentenced Santos to 135 months in prison, which was at the bottom of Santos' Sentencing Guidelines range of 135-168 months. Santos appeals, arguing first that the district court erred in denying his motion to suppress an inculpating statement Santos made after he was advised of his *Miranda*[1] rights in English, which is not his native language. Santos also argues that his sentence is procedurally and substantively unreasonable. We affirm.

I.

Santos first maintains that the district court erred in denying his motion to suppress the inculpating statement he made to Detective Joshua Rees of the Baltimore County Police Department, who interviewed Santos while other officers executed a search warrant for his apartment. Santos, who is a native-Spanish speaker, contends that the totality of the circumstances weigh in favor of us finding that his *Miranda* waiver was not valid because he was apprised of his rights in English. The district court considered this argument and found that Santos "clearly understood and spoke English." (J.A. 92).[2]

_____

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] Citations to the "J.A." refer to the joint appendix submitted by the parties.

When evaluating the district court's ruling on a suppression motion, we review "conclusions of law de novo and underlying factual findings for clear error." *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (alteration and internal quotation marks omitted). When, as here, the motion to suppress has been denied, the evidence is considered in the light most favorable to the Government. *Id.*

Whenever a defendant is subject to a custodial interrogation, the defendant must be advised of his *Miranda* rights. *United States v. Azua-Rinconada*, 914 F.3d 319, 325 (4th Cir. 2019). Here, the parties agreed that Santos was in custody for purposes of *Miranda*, and, therefore, that Santos was entitled to his *Miranda* rights before being questioned by Rees.

"A confession made during a custodial interrogation will be suppressed unless police advise the defendant of his rights under *Miranda* . . . and the defendant knowingly, intelligently, and voluntar[il]y waives those rights." *United States v. Giddins*, 858 F.3d 870, 879 (4th Cir. 2017) (citation and internal quotation marks omitted). "For a waiver to be knowing and intelligent, it 'must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" *United States v. Dire*, 680 F.3d 446, 474 (4th Cir. 2012) (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). When assessing if a *Miranda* waiver was knowing and intelligent, this court conducts a holistic review "of the totality of the circumstances surrounding the interrogation, including the suspect's intelligence and education, age and familiarity with the criminal justice system, and the proximity of the waiver to the giving of the *Miranda* warnings." *Id.* (internal quotation marks omitted).

The issue on appeal is whether Santos' waiver of his *Miranda* rights was valid, given the asserted limitation on Santos' ability to understand English and the officers' failure to apprise Santos of his rights in Spanish. We have recognized that a defendant's "[l]imited ability to understand English may render a waiver of rights defective[,]" but that a language barrier will not necessarily frustrate an effective waiver. *United States v. Guay*, 108 F.3d 545, 549 (4th Cir. 1997); *see Campaneria v. Reid*, 891 F.2d 1014, 1020 (2d Cir. 1989) ("Even though [defendant's] proficiency in the English language may have been limited, it did not prevent him from making a knowing and intelligent waiver of his constitutional rights.").

Here, the district court made factual findings that, before the interview began, Rees advised Santos of his rights in English by reading them to the group assembled in the living room of the apartment and asked Santos if he understood his rights as they were read to him. Prior to issuing these warnings in English, Rees asked Santos if he "was comfortable with [Rees] speaking to him in English, and he stated that he was." (J.A. 39). Rees proceeded to interview Santos in English, during which Santos spoke only English and never advised Rees that he did not understand something Rees was saying because he was speaking English. Finally, as the district court observed, Santos' 20-year presence in the United States and his status as a naturalized citizen undermined the claimed inability to understand the *Miranda* warnings. Based on the totality of the evidence proffered at the evidentiary hearing, we discern no clear error in the district court's ruling that Santos understood English well enough to have comprehended his

*Miranda* rights,[3] and thus hold that the court properly concluded that Santos voluntarily, intelligently, and knowingly waived those rights. *See, e.g.*, *United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1127-28 (9th Cir. 2005) (holding that Spanish-speaking defendant's *Miranda* waiver was valid because defendant indicated he understood his rights after they were read to him in English, and there was no outward indicia that defendant had trouble understanding English).

## II.

Santos next asserts that his 135-month sentence is procedurally unreasonable because the district court failed to address each of the nonfrivolous reasons he asserted for a below-Guidelines sentence. Assuming the court finds no reversible procedural error, Santos alternatively argues that his within-Guidelines sentence is substantively unreasonable given many of these same considerations. We find no merit in either contention.

We review the reasonableness of a sentence for an abuse of discretion. *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). In conducting this review, we first consider whether the district court committed a significant procedural error, such as failing to consider the 18 U.S.C. § 3553(a) (2012) factors or failing to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). When rendering a sentence, the district court must make and "place on the record an individualized

---

[3] We have reviewed the excerpt of the recorded interview provided by the parties and agree that it amply substantiates this factual finding. (*See* J.A. Vol. III).

5

assessment based on the particular facts of the case." *United States v. Carter*, 564 F.3d 325, 328, 330 (4th Cir. 2009) (internal quotation marks omitted). The court's explanation must be sufficient "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted).

Santos does not contest the computation of his Guidelines range or the adequacy of the district court's explanation for the selected sentence. He does contend, however, that the district court procedurally erred in failing to address each of the nonfrivolous reasons advanced in favor of a below-Guidelines sentence.

As a starting point, we observe that the court did an exemplary job explaining the selected 135-month sentence in terms of the particular § 3553(a) factors it found to be most relevant in this case, particularly that Santos absconded prior to trial and remained a fugitive for three years, *see* 18 U.S.C. § 3553(a)(1); the serious and egregious nature of the offense, which included violent images of child pornography, and that Santos had shown his consistent and enduring disrespect for the law, *see* 18 U.S.C. § 3553(a)(2)(A); and the need to avoid an unwarranted sentencing disparity between Santos and other defendants convicted of similar child pornography offenses, *see* 18 U.S.C. § 3553(a)(6). While the record confirms that the district court did not speak directly to the primary

arguments offered in mitigation—namely, Santos' age and medical conditions; the likelihood of his denaturalization and removal to Honduras; and that his was a non-contact offense and did not involve transmission of child pornography—what statements the court did make demonstrate that the sentencing judge considered the defendant's individual characteristics and history, as well as the circumstances of this offense, *see* 18 U.S.C. § 3553(a)(1), in fashioning its sentence, *see Rita*, 551 U.S. at 357-59. Further, the district court expressly rejected defense counsel's argument that a five-year sentence was appropriate because it did not account for the three years that Santos was a fugitive and opined that there was "absolutely no basis" to impose a sentence below the Guidelines range in this case. (J.A. 203). Thus, while "the district court did not engage counsel in a discussion about the merits of [the defendant]'s arguments for a downward departure," *United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017), the district court's statement that there was no basis for a below-Guidelines sentence, coupled with its robust explanation for the selected sentence, satisfies us that the court considered, and simply rejected, the proffered reasons for a below-Guidelines sentence. Accordingly, we reject Santos' assignment of procedural error. *See United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010) (observing that, in *Rita*, "the appellate court could look to the district court's lengthy discussion with, and questioning of, defense counsel and determine that the district court understood the defendant's arguments for a reduced sentence and had reasons for rejecting those arguments").

Finally, we turn to Santos' challenge to the substantive reasonableness of his sentence. *Gall*, 552 U.S. at 51. We presume that a sentence within or below a properly

7

calculated Guidelines range is substantively reasonable. *United States v. Susi*, 674 F.3d 278, 289 (4th Cir. 2012); *see Blue*, 877 F.3d at 519-20. "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Santos' 135-month sentence was the lowest sentence available under the calculated Guidelines range. To undermine the presumption of reasonableness that thus attaches to this sentence, Santos relies on the same core reasons advanced to support his request for a downward variance: that the selected sentence "is unduly harsh" given his lack of criminal history, "age, health, likelihood of denaturalization, deportation and the difficulties he and his family will face in Honduras." (Appellant's Br. (ECF No. 12) at 11).

But this argument simply invites us to reweigh the § 3553(a) factors and the relevant circumstances in this case, which is outside our purview. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"). On this record, we discern no abuse of the district court's considerable sentencing discretion in electing to give controlling weight to the need to promote respect for the law, given Santos' three-year flight from justice, and to the need to penalize Santos for his egregious offense conduct, which reflects the seriousness of child pornography offenses. Accordingly, we hold that Santos fails to overcome the presumption of substantive reasonableness afforded his within-Guidelines sentence.

8

For these reasons, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*